UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:15-cv-00101-JHM

RUSS WILKEY, as Trustee of the
Bankruptcy Estate of Jeffrey James                                                        PLAINTIFF

V.

MANAGEMENT & TRAINING
CORPORATION                                                                                DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion by Management & Training Corporation ("MTC") for judgment on the pleadings (DN 25), as well as the motion by Russ Wilkey, as Trustee of the Bankruptcy Estate of Jeffrey James ("Wilkey"), for leave to file a surreply in regards to the present motion. (DN 34.) Fully briefed, these matters are ripe for decision. For the following reasons, the motion for judgment on the pleadings is **DENIED**, and the motion for leave to file a surreply is **DENIED AS MOOT**.

### I. BACKGROUND

Jeffrey James was employed by MTC until April 16, 2014, when he was terminated. (Pl.'s Compl. [DN 1-1] ¶ 18.) According to James, he was terminated because of testimony he gave at a deposition that supported a former coworker's claims of racial discrimination against MTC. (*Id.* ¶ 24.)

On February 2, 2015, James filed a petition for Chapter 7 bankruptcy. (Petition for Bankruptcy [DN 25-3].) However, in his bankruptcy petition, James failed to list any potential claim for unlawful termination as an asset as he was required to do. (*Id.*) The Bankruptcy Court issued a final decree and closed the action on May 5, 2015. (Bankruptcy Discharge [DN 25-4].)

Thereafter, James filed the present action on July 17, 2015, in Union Circuit Court, asserting one claim of unlawful termination in violation of KRS § 344.280, and MTC timely removed to this Court. (DN 1.)

James did not disclose his bankruptcy proceedings to either MTC or his counsel in this action until his deposition on June 27, 2016. (Dep. Jeffrey James [DN 25-6] at 14:7.) After this disclosure, James moved the Bankruptcy Court to reopen his case to amend his list of assets to include the present claim. (Mot. to Reopen [DN 25-7].) The Bankruptcy Court allowed the case to be reopened and amended his schedule of assets, and it subsequently closed the case again on October 26, 2016. (*See* Docket Sheet [DN 25-9] at 3.) The bankruptcy case was opened one more time, on November 2, 2016, so as to appoint James' counsel in the present suit as counsel for the bankruptcy trustee. (Order Approving Retention of Special Counsel and its Fees [DN 25-11] at 1.) This Court granted James' motion to substitute Russ Wilkey as trustee of his bankruptcy estate as the party plaintiff in this action on January 18, 2017. (DN 29.)

MTC has now moved for judgment on the pleadings on the grounds that Wilkey, as trustee, should be judicially estopped from asserting James' claim due to his failure to list the claim as an asset in his bankruptcy proceedings. (DN 25-1.) Wilkey has timely responded in opposition to this motion (DN 32), and MTC has filed its reply. (DN 33.) Wilkey also now moves the Court for leave to file a surreply in the present matter (DN 34), to which MTC objects. (DN 35).

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion for judgment on the pleadings "is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citations

omitted); Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(c). Under Rule 12(b)(6), a court "must construe the complaint in the light most favorable to [non-moving party]," *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), and determine whether the non-moving party "undoubtedly" can prove no set of facts in support of its position. *Mixon v. Ohio*, 193 F.3d 389, 399–400 (6th Cir. 1999). "[T]he motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Development Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011).

However, Fed. R. Civ. P. 12(d) states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *See also Northville Downs v. Granholm*, 622 F.3d 579, 585 (6th Cir. 2010) ("Rule 12(c) requires only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented outside evidence"). The decision of whether to consider evidence beyond the pleadings and convert a motion for judgment on the pleadings into one for summary judgment is committed to the discretion of the Court. *Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 965 (6th Cir. 2009) (citations omitted).

### III. DISCUSSION

#### A. CONSIDERATION OF MATTERS OUTSIDE THE PLEADINGS

First, the Court must determine, as outlined above, whether to construe the motion by MTC as one for judgment on the pleadings or one for summary judgment. The pleadings in this case do not shed much light on the grounds that would support MTC's motion, with MTC's answer merely mentioning estoppel as one of many possible affirmative defenses that may be raised. (Def.'s Answer [DN 8] at 5.) Instead, the grounds for granting judgment on the

3

pleadings are set out in documents attached to the motion itself, including various filings in James' bankruptcy case and depositions given in relation to this case. These documents are not within the pleadings, and for the Court to consider these documents, the motion would have to be converted into one for summary judgment under Fed. R. Civ. P. 12(d).

Rule 12(d) advises that, when converting a motion for judgment on the pleadings into one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." "Where one party is likely to be surprised by the proceedings, notice is required" to that party that the Court is converting the motion into one for summary judgment, but this "depends upon the facts and circumstances of each case." *Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 465 (6th Cir. 2010) (quotations and citations omitted).

After considering of these requirements, the Court will convert the motion into one for summary judgment. Both parties have cited to matters outside the pleadings and attached documents to their filings on the motion, demonstrating that both not only were on notice that the Court may refer to them but that they expected as much. MTC's argument that Wilkey should be judicially estopped from pursuing the claim necessarily involves analyzing documents outside the pleadings as they relate to the bankruptcy case. Therefore, the Court will convert the motion and consider matters outside the pleadings.

## B. JUDICIAL ESTOPPEL

Turning to the merits of the motion, MTC argues that Wilkey may not assert James' claim due to James' failure to disclose the claim during the pendency of his bankruptcy case. "A debtor has an affirmative duty to disclose all of its assets to the bankruptcy court" under 11 U.S.C. § 521(1). *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002). Further, "[i]t is well-settled that a cause of action is an asset that must be scheduled under § 521(1)." *Lewis v.*

4

*Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005). In this case, it is undisputed that James did not disclose his cause of action for unlawful termination with the Bankruptcy Court until over a year after his bankruptcy case was closed; his case was originally closed on May 5, 2015, and it was not until October 7, 2016, that he moved to reopen the case so as to amend his schedule of assets.

MTC argues that Wilkey should judicially estopped from asserting James' claim. The doctrine of judicial estoppel "bars a party from asserting a position contrary to one the party has asserted under oath in a prior proceeding, where the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Cotita v. Verizon Wireless*, 54 F. Supp. 3d 714, 718 (W.D. Ky. 2014). The Sixth Circuit "has applied the doctrine to bar employment related claims not disclosed in prior bankruptcy proceedings[.]" *Id.* To judicially estop a party from bringing a claim due to a failure to disclose the claim to a bankruptcy court, a court must find that

> (1) [the plaintiff] assumed a position that was contrary to the one that [he] asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the] omission did not result from mistake or inadvertence. In determining whether [the plaintiff's] conduct resulted from mistake or inadvertence, this court considers whether: (1) [he] lacked knowledge of the factual basis of the undisclosed claims; (2) [he] had a motive for concealment; and (3) the evidence indicates an absence of bad faith.

*Stephenson v. Malloy* 700 F.3d 265, 272–73 (6th Cir. 2012) (citing *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir. 2010)).

The parties diverge at this point on the issue of whose conduct the Court should look to in determining if judicial estoppel should apply. Wilkey argues that the Court should look to the bankruptcy trustee, as the trustee "is the representative of the estate" and may "sue or be sued,"

5

11 U.S.C. § 323, and the estate consists of "all legal or equitable interests of the debtor as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(1). MTC, however, argues that the Court should look to James, as the bankruptcy trustee must step into the shoes of the debtor, subjecting the estate to any defense MTC would have against James personally.

The Sixth Circuit's opinion in *Stephenson* fully resolves this issue in favor of Wilkey. *Stephenson* presents a nearly identical situation in which a debtor in bankruptcy failed to disclose a cause of action as an asset to the Bankruptcy Court, and the defendants sought to prevent the trustee of the bankruptcy estate from pursuing the claim through judicial estoppel. The court in *Stephenson* "adopt[ed] the reasoning of the Fifth, Tenth, and Eleventh Circuits," all of which had previously "concluded that judicial estoppel does not bar a bankruptcy trustee from pursuing claims that the debtor failed to disclose." *Stephenson*, 700 F.3d at 271–72. By following this line of cases, the court embraced "the proposition that a debtor's errors or omissions should not be attributed to the trustee for purposes of judicial estoppel." *Id.* at 272. Thus, the trustee does not stand in the shoes of the debtor when determining whether the claim should be judicially estopped; instead, the Court is to look to the conduct of the trustee alone, and it should not impute any failure on the part of the debtor onto the trustee.

MTC makes three general arguments in opposition. First, it argues that *Stephenson* does not establish a bright-line rule that conduct by the debtor can never be imputed to the trustee. Regardless of whether an exception may exist under the rule articulated in *Stephenson*, the facts in this case are so analogous to those in *Stephenson* that the Court must follow what it considers to be a reasonably clear mandate: "a debtor's errors or omissions should not be attributed to the trustee for purposes of judicial estoppel." *Stephenson*, 700 F.3d at 272. Second, MTC argues that the cases are distinguishable because MTC objected to the substitution of the trustee as the

6

plaintiff in this case, whereas there was no objection by the defendant in *Stephenson*. But whether MTC objected to the substitution of Wilkey as the plaintiff in this case is irrelevant, as bankruptcy law establishes that the trustee is the party in interest in "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Court noted in its order granting the motion to substitute Wilkey as plaintiff that, "if the Trustee is the real party in interest then Fed. R. Civ. P. 17(a)(1) *requires* that the Trustee be substituted in the action." (DN 29, at 2) (emphasis added). Thus, whether MTC objected is not relevant to the application of judicial estoppel, as bankruptcy law and the Federal Rules of Civil Procedure required the substitution. Finally, MTC argues that the delay in reopening the bankruptcy case to amend the schedule of assets should weigh against allowing the trustee to assert the claim. But *Stephenson* does not provide a list of factors that this Court is to weigh in considering whether the trustee may assert the debtor's claims that were previously undisclosed to the bankruptcy court; it provides a rule that the trustee should be permitted to bring the claim and to do so without regard to the debtor's errors or omissions.

There are no allegations against Wilkey that he, as trustee of the bankruptcy estate, has assumed a position different from the one he assumed in the bankruptcy proceeding. Because the Court is to consider only the conduct of the trustee, no grounds exist upon which the Court should judicially estop Wilkey from pursuing the claim. Therefore, MTC's motion is **DENIED.**

### C. MOTION FOR LEAVE TO FILE A SURREPLY

MTC argued as a final point in its reply that, if the Court were to find that Wilkey is not judicially estopped from bringing the claim, it should limit damages "to an amount no greater than creditors' claims in the bankruptcy proceeding, to ensure that James' late substitution of the Trustee does not allow him to circumvent his own estoppel." (Pl.'s Reply [DN 33] at 6.) This

argument was raised for the first time in MTC's reply, giving Wilkey no chance to respond. Therefore, the Court will not consider it. *Harrington v. DH Capital Mgmt., Inc.*, 2014 AL 5776203, at *5 (W.D. Ky. Nov. 5, 2014). Because the Court will not consider this argument, Wilkey's motion for leave to file a surreply to this argument is **DENIED AS MOOT**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Defendant's motion for judgment on the pleadings is **DENIED**. **IT IS FURTHER ORDERED** that the Plaintiff's motion for leave to file a surreply is **DENIED AS MOOT**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 15, 2017

cc: counsel of record